# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY USSERY, | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | NO. 3:23-cv-00980 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Pending before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1), Memorandum in support of Petitioner's motion to vacate (Doc. No. 2), Petitioner's motion for extension of time to file his motion to vacate (Doc. No. 3), and the Government's Response (Doc. No. 9). For the reasons stated below, Petitioner's Motions (Doc. Nos. 1, 2, 3) will be **DENIED**.

## I.    BACKGROUND

In November 2021, Petitioner was charged with one count of being a felon in possession ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924; one count of possession with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl in violation of 21 U.S.C. § 841(a)(1); one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924; and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).

In May 2022, Petitioner and the Government entered into a plea agreement. (*See* Case No. 3:21-cr-00145-1, Doc. No. 65 (the "Plea Agreement")). Petitioner pled guilty to Counts One, Two, and Three, and the Government agreed to dismiss Count Four. The parties' agreed that Petitioner

would serve a term of 180 months' imprisonment followed by a three year term of supervised release. (Plea Agreement ¶ 12). The plea agreement also contained the following:

> Regarding the issue of guilt, defendant hereby waives all (i) rights to appeal any issue bearing on the determination of whether he is guilty of the crime(s) to which he is agreeing to plead guilty; and (ii) trial rights that might have been available if he exercised his right to go to trial. Regarding sentencing, the Defendant is aware that 18 U.S.C. § 3742 generally affords a defendant the right to appeal the sentence imposed. Acknowledging this, the Defendant knowingly waives the right to appeal any sentence that includes a 180-month term of imprisonment and 3 years of supervised release. The Defendant further waives all appellate rights and all collateral attacks concerning forfeiture and all matters related thereto. The Defendant also knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241. However, no waiver of the right to appeal, or to challenge the adjudication of guilt or the sentence imposed in any collateral attack, shall apply to a claim of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. Likewise, the United States waives the right to appeal any sentence that includes a 180-month term of imprisonment and 3 years of supervised release.

(Plea Agreement ¶ 17). In August 2022, Petitioner was sentenced to 180 months' imprisonment. (*See* Case No. 3:21-cr-00145-1, Doc. No. 71). On September 13, 2023, Petitioner filed the pending motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Doc. No. 1) and supporting memorandum (Doc. No. 2).

## II.     ANALYSIS

### A.     Section 2255 Proceedings

Petitioner has brought this action pursuant to 28 U.S.C. § 2255. Section 2255 provides a statutory mechanism for challenging the imposition of a federal sentence:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

28 U.S.C. § 2255(a). In order to obtain relief under Section 2255, a petitioner "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). If a factual dispute arises in a Section 2255 proceeding, the court is to hold an evidentiary hearing to resolve the dispute. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013). An evidentiary hearing is not required, however, if the record conclusively shows that the petitioner is not entitled to relief. 28 U.S.C. § 2255(b); *Ray*, 721 F.3d at 761; *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). A hearing is also unnecessary "if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Monea v. United States*, 914 F.3d 414, 422 (6th Cir. 2019) (citation omitted).

Having reviewed the record in Petitioner's underlying criminal case, as well as the filings in this case, the Court finds it unnecessary to hold an evidentiary hearing because disposition of Petitioner's claim does not require the resolution of any factual dispute.

**B.    Petitioner's Claim**

Petitioner asserts that the Government failed to inform him that he would be charged and convicted as a career offender and that the Court misapplied the career offender sentencing enhancement, which Petitioner argues violates his Fifth and Fourteenth amendments. Petitioner also argues that the Government failed to inform him that he belonged to a class of individuals prohibited from possessing a firearm, which Petitioner argues constitutes a structural error. In response, the Government contends that each of Petitioner's arguments fail. The Government argues that Petitioner's claim is time-barred because he filed it outside the applicable one-year statute of limitations period, that Petitioner waived his right to challenge his conviction and

sentencing under 28 U.S.C. § 2255, that Petitioner procedurally defaulted his claims and cannot excuse the default, and that Petitioner's claims fail on the merits.

1. <u>Statute of Limitations</u>

Under 28 U.S.C. § 2255(f), a petitioner has one year from the date on which his or her conviction becomes final to file a Section 2255 motion, absent certain exceptions not applicable in the present case.[1] Here, the final judgment was entered on August 11, 2022. (*See* Case No. 3:21-cr-00145-1, Doc. No. 71). Accordingly, the limitations period for Petitioner to bring a Section 2255 motion expired on August 11, 2023, and Petitioner's motion, filed on September 13, 2023, is untimely. The Court notes that on September 13, 2023, Petitioner also filed a motion for extension of time to file his motion to vacate for "excusable neglect." (Doc. No. 3). As grounds, Petitioner states that in July 2023, his facility was placed on lockdown and he was unable to access Lexis Nexis or purchase postage stamps in order to file his Section 2255 motion.

In some cases, equitable tolling of the Section 2255 limitations period is warranted which "allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (internal citation omitted).

---

[1]    28 U.S.C. § 2255(f) provides that:
A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

4

However, "courts grant equitable tolling 'sparingly'" and "[a] habeas petitioner is entitled to equitable tolling only if two requirements are met." *Id.* (internal citation omitted). The petitioner must (1) "establish 'that he has been pursuing his rights diligently'" and (2) "show 'that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (internal citations omitted). Here, the Court finds that Petitioner has failed to demonstrate that extraordinary circumstances prevented his timely filing. Accordingly, Petitioner's motion for an extension of time to file his Section 2255 motion (Doc. No. 3) is denied, and the Court finds that Petitioner's Section 2255 motion is untimely.

    2.  <u>Waiver</u>

"It is well settled that a defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (internal citation omitted); *See Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable."). Moreover "courts will enforce appeal waivers even when a legal development makes it likely that the defendant would receive a lower sentence were the defendant resentenced under the new law, and even when the legal change affects constitutional rights." *United States v. Morrison*, 852 F.3d 488, 491 (6th Cir. 2017).

Here, the Plea Agreement clearly states that Petitioner "knowingly waives the right to challenge the sentence imposed in any motion pursuant to 18 U.S.C. § 3582(c) and in any collateral attack, including, but not limited to, a motion brought pursuant to 28 U.S.C. § 2255 and/or § 2241." (Plea Agreement ¶ 17).

Accordingly, the Court finds that Petitioner waived his right to a collateral attack on his sentencing and conviction under Section 2255. Because Petitioner's claim is denied on other

grounds, the Court need not address Petitioner's arguments that the Court misapplied the career offender sentencing enhancement and that the Government failed to inform Petitioner that he was prohibited from possessing a firearm.

### III.    CONCLUSION

For the reasons set forth above, the Court concludes Petitioner's request for Section 2255 relief should be denied.

An appropriate order will enter.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE